IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARKUS RYAN, on Behalf of Himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v.      ) | Case No. 09-2288 JWL |
| ) | |
| COMMAND ALKON, INC. ) a/k/a JWS a division of Command Alkon, ) ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the Parties and through their undersigned counsel, that the parties have reached an agreement on the terms of this Protective Order ("Order"), and the Court being fully advised and for good cause shown, hereby enters the following ORDER:

**1. Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. This Order is necessary to protect both the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard business and proprietary information. The Parties agree that it is reasonably anticipated that there may be confidential personnel information related to Defendants' current and former employees, who may or may not be Parties, opt-in or otherwise, to this action; tax and financial information and other private and

confidential documents regarding the Parties and non-parties; trade secrets and other confidential research, development and/or commercial information related to Defendants' business, that, in the interest of justice, should be given the protection of a court order to prevent disclosure to persons other than those set forth below. The Parties agree that disclosure to the public of confidential personnel information of such Parties or non-Parties and confidential information regarding Defendants' business operations is not necessary. The privacy interests in such information substantially outweighs the public's right of access to that information. Good cause exists for the issuance of a protective order, including the fact that many persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, and/or unfair business or competitive advantage, and it could potentially impact upon certain persons' personal and/or work relationships.

**2.     Confidential Information.** The Parties have agreed that certain categories of non-public documents and information, if produced or disclosed during this litigation, shall be used for purposes of this lawsuit and will be treated as confidential. The Parties have further agreed that this information shall specifically include the following:

a.     The terms "Confidential Personnel Information" shall mean any information related to an individual's employment with Defendants, whether current or past, concerning the individual's social security number, wages, hours or terms and conditions of employment, or other uniquely personal information, including but not limited to any disciplinary records, medical records, tax and financial records;

      b.      The terms "Trade Secrets" or "Other Confidential Research, Development or Commercial Information" are used in this Order in the same sense that the terms are used in Fed. R. Civ. P. 26(c)(7); and

      c.      The terms of this Protective Order shall apply to all confidential documents produced by the Parties in this case, any depositions of the Parties or Defendants' employees, past or present, any of interrogatory answers designated confidential and information gathered, obtained, recorded, analyzed or summarized by expert witnesses, including any expert reports or other written materials prepared by expert witnesses in connection with the above-captioned case.

This Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the Parties through the discovery process.

      **3.**      **Designation of Information and Documents as Confidential.**  Counsel may designate in writing as confidential any information or documents produced by them, any answer provided by them to any interrogatory or other written response to any discovery allowable under the Federal Rules of Civil Procedure, as well as portions of any deposition testimony by past or present employees or agents and/or any other proprietary or private information produced or provided by them during the course of this litigation as "CONFIDENTIAL." With respect to documents or written responses to discovery requests, such designation shall be made conspicuously by stamping each page of said documents or, where appropriate, the written responses as "Confidential," or "Confidential Pursuant to Court Order." With respect to deposition testimony and deposition exhibits, the parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as

confidential. The parties shall exercise their best efforts to designate specific page and line references subject to such protection and shall not designate entire depositions as confidential without prior Court approval. Confidential information within the deposition transcript may be so designated by underlining the portions of the pages that are confidential and marking such pages with the legend specified in paragraphs 2 of this Order. Until expiration of the thirty (30) day period, the entire deposition shall be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits shall be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be maintained and filed under seal separate from the portions and exhibits not so marked. All documents and written or oral responses so designated as confidential or protected shall be subject to the provisions below.

    **4.**    **Non-Disclosure of Protected Information.** Except with the prior written consent of the Party that produced it, or as otherwise provided under this Order, no protected information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in this Order. Under no circumstances may protected information be used for any purpose other than for those purposes necessary to this litigation only (which includes mediation, facilitation, and appeals).

    **5.**    **Permissible Disclosures.**  Protected information may be disclosed to:

    a.    Each party;

    b.    Counsel for the Parties in this action who are actively engaged in the conduct of this litigation;

c. The partners, members, shareholders, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

d. Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

e. Persons giving testimony in this litigation. A deponent during the deposition may be shown, and examined about, stamped confidential documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information, or documents not provided by them or the entities they represent, unless they sign or verbally agree on the deposition record to the conditions prescribed in this Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before his or her deposition.

f. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

g. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing the parties; and

h. Persons (other than parties) preparing to give testimony, including testimony during depositions, in this litigation to the extent reasonably

necessary for such purposes. Before disclosing protected information to any person described in subparagraphs d and h of paragraph 5, each person shall be provided with a copy of this Order and shall sign an Acknowledgment and Agreement To Be Bound, attached as Attachment A, stating that the person has read and understands the Order and shall be bound hereby.

6. **Binding Effect of This Order.** The terms of this Order are binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and upon all persons to whom disclosure of confidential documents, discovery materials, or testimony are limited pursuant to the terms of this Order and the Acknowledgment and Agreement To Be Bound that they have signed.

7. **Use of Protected Information in Litigation.** The provisions of this Order shall not apply to restrict the use of Protected Information in connection with any deposition, discovery, proceeding, hearing, trial, or appeal in this action as provided herein.

8. **Right to Claim Confidentiality Preserved.** To the extent that Parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce Protected Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the Protected Information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed in paragraph 5 above.

9. **Custody and Safekeeping of Protected Information.** Counsel for Parties to which Protected Information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the Protected Information. The duplication of Protected Information shall be limited to what is reasonably necessary for the conduct of this litigation.

10. **Filing of Documents Containing Protected Information with the Court.** If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The party seeking to file a document under seal in this Court must follow the procedures set forth in D. Kan. Rule 5.4.6.[1]

11. **Non-Termination of Protective Order.** The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, Protected Information and all copies of same (other than exhibits of record) shall be returned to the Party which produced such documents or, at the option of the producer, destroyed. To the extent that a Party seeks to have its documents returned, that Party shall bear the costs for transfer of the documents back to it. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 150 days after final termination of this litigation.

Consistent with the protective order guidelines posted on the Court's website, the Court's

---

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004) (citations omitted).

jurisdiction to enforce the provisions of this protective order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this protective order.

      12.    **Declassification of Protected Information.** In the event that a reviewing Party believes that discovery material designated as confidential or protected of this Order is not Protected Information within the meaning and interpretation of this Order and/or the Federal Rules of Civil Procedure, such reviewing Party shall first give written notice to all counsel of record, including counsel for the designating party, that the notifying Party no longer will abide by the terms of this Order with respect to any specified item(s) previously designated pursuant to this Order. Such notice shall be directed to all counsel by facsimile and first class mail (with the date of facsimile constituting the receipt date), or by personal delivery to counsel's office (personal delivery shall only be allowed Monday through Friday, between the hours of 9.00 a.m. and 5:00 p.m.). If, on or before the seventh (7th) business day following the receipt of such notice, the designating party does not provide consent in writing to the reviewing party that it does not object to the declassification of the specified items, the reviewing party may, thereafter, bring a motion before this Court requesting that the specified item(s) be deemed by the Court to fall outside the protection of this Order and the Federal Rules of Civil Procedure. The Party that designated the information as Protected Information shall have the burden at a hearing on such motion to establish that there is good cause for the Protected Information to have such protection.

      13.    **Return of Inadvertently Produced Privileged Documents.** Any inadvertent disclosure or production of documents protected by the attorney-client or attorney work product

privileges shall not constitute a waiver of any privilege by the disclosing Party. In the event that the receiving Party discovers the disclosure or production it shall bring the matter to the attention of the producing Party and return the document upon request. In the event that the discovery is made by the producing Party, it may request the receiving Party to return the document, which request shall be promptly honored. In either such instance the receiving Party shall not photocopy the document and shall destroy any copies made prior to the discovery of the disclosure.

The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Any failure to designate information as "Confidential" that was the result of mistake or oversight will not be deemed a waiver and may be cured by providing written notice thereof to Counsel for the receiving party. Upon receipt of such notice, Counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

**14.     Modification Permitted.**  Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED.

Dated this 5th day of October, 2009, at Kansas City, Kansas.


                                                   s/ James P. O'Hara
                                                  James P. O'Hara
                                                  U.S. Magistrate Judge

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated \_\_\_\_\_, 2009 in the above-captioned action (*Command Alkon, Inc., A/K/A JWS a Division of Command Alkon, Inc.*; Case No 09-CV-2191 JAR/DJW   (D. Kan.)) and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL," "PROPRIETARY," or "COMMERCIALLY SENSITIVE," or as "PROTECTED INFORMATION," in accordance with the Protective Order solely for the purposes of the above- captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order issued in this action may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     Signature: _____