IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Markus Ryan et al.,**

    **Plaintiffs,**

v.                                              **Case No. 09-2288-JWL**

**Command Alkon, Inc.,**

    **Defendant.**

## **MEMORANDUM & ORDER**

This matter is before the court on the joint motion of the parties to file their settlement documents under seal (doc. 55) based on their asserted desire that the terms of the settlement remain confidential. " In support of their motion, the parties refer the court to prior orders in other cases in which the court has summarily granted unopposed or joint motions to seal settlement documents. More recently, however, the court has had an opportunity to reflect on the minimal scrutiny the court has historically and routinely applied to unopposed or joint motions to file such documents under seal. *See Barnwell v. Corrections Corporation of America*, No. 08-2151-JWL, Memorandum & Order of August 27, 2009.[1]

In that case, the court resolved a third-party's motion to unseal settlement documents in an FLSA case. In doing so, the court more closely examined the public's presumptive right of access to judicial records, including settlement documents filed with the court, and the requirement–for purposes of sealing such documents–that the parties rebut that presumption by

---

[1] It appears that this memorandum and order is not available on Westlaw. The court, then, in no way criticizes the parties in this case for not uncovering the case in connection with their motion.

showing some "significant interest" that "heavily" outweighs the public interests in access. While the court in *Barnwell* applied the balancing test in the context of a motion to unseal–which the court granted in large part–the court, upon further reflection today, sees no reason why parties seeking to seal documents should not be required at the outset (as opposed to rebutting the presumption only in the face of a third-party motion to unseal) to rebut the presumption in favor of public access to the documents.

Thus, the court will retain the parties' motion under advisement and will provide the parties with additional time to demonstrate whether they can sufficiently rebut the presumption of public access–either with respect to the entirety of the documents or with respect to more limited provisions or information contained within the documents. The parties are also advised, as the court noted in *Barnwell*, that the mere fact that the parties negotiated a "confidential" settlement is not sufficient to outweigh the strong presumption of public access to judicial records. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (the fact that sealing of the agreement is an integral part of a negotiated settlement between the parties immaterial; absent showing of extraordinary circumstances, court file must remain open to the public); *Prater v. Commerce Equities Management Co.*, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008) (fact that FLSA settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public); *El Paso Natural Gas Co. v. Southwest Forest Prods., Inc.*, 2008 WL 4808892, at *1 (D. Ariz. Oct. 28, 2008) (parties failed to articulate how their "need for confidentiality" of FLSA settlement overcomes the strong presumption of public

access to agreement); *Bartelloni v. DeCastro*, 2007 WL 2155646, at * (S.D. Fla July 26, 2007) (fact that confidentiality of FLSA settlement agreement was one of the material terms of the agreement is not sufficiently "extraordinary" reason for keeping the agreement confidential).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' sealed motion for leave to file under seal settlement documents (doc. 55) remains under advisement. The parties, if appropriate, shall file any supplemental briefing supporting the motion no later than **Wednesday, June 23, 2010.** If no supplemental briefing is filed by that date, the court will deny the parties' motion.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge