# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| **MARKUS RYAN** ) | |
| ) | |
| On Behalf of Himself and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **COMMAND ALKON, INC.** ) | Case no. 09-CV-2288 JWL/JPO |
| **A/K/A JWS A DIVISION OF** ) | |
| **COMMAND ALKON** ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

**WHEREAS:**

A. On June 24, 2010, the named Plaintiffs Markus Ryan and Lanora Ryan in the above-captioned action (the "Litigation"), individually and as representatives, and Defendant Command Alkon, Inc. a/k/a JWS, a Division of Command Alkon (collectively "Defendants"), by their respective counsel of record, presented before this Court for approval a Settlement Agreement and Release of Claims ("Agreement") and supporting memorandum;

B. This Court has duly considered representations and all of the submissions presented with respect to the Agreement addressing the collective class claims asserted in the Litigation under the Fair Labor Standards Act ("FLSA");

C. All capitalized terms in this Order with respect to the Agreement addressing the collective class claims asserted under the FLSA that are not otherwise defined have the same

meaning as in the Agreement;

      **NOW THEREFORE**, after due deliberation, this Court hereby ORDERS that:

      1.     The Settlement Agreement is fair, reasonable, and adequate, is in the best interest of the Settlement Class Members, should be, and hereby is, approved, especially in the light of the benefits to the Settlement Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation;

      2.     For the purposes of settlement only, a class should be conditionally certified of former and current employees of Defendant employed as Application Support Consultants between April 12, 2008 and April 12, 2010 who primarily performed phone support work and whose names appear on Exhibit A to the Settlement Agreement submitted by the parties pursuant to 29 U.S.C. 216(b) of the Fair Labor Standards Act;

      3.     Markus Ryan and Lanora Ryan are hereby appointed as Class Representatives of the Settlement Class Members;

      4.     Brady & Associates Law Office is hereby appointed as Class Counsel;

      5.     Approving the Cover Letter (Exhibit B within Doc. No. 60), Consent to Join Form and Settlement Agreement and Release of Claims (Exhibit C within Doc. No. 60), and follow-up communications to the Settlement Class Members (Exhibits D and E within Doc No. 60) (collectively as "Settlement Class Documents") substantially in the form of these exhibits for distribution to all Settlement Class Members;

      6.     The follow-up communications to the Settlement Class Members substantially in the forms of Exhibits D and E within Doc. No. 60 are hereby approved for distribution to all Settlement Class Members – the first follow up, Exhibit D, should be sent directly by Defendant

to the Settlement Class Members three (3) days after mailing of the Settlement documents and the second follow up, Exhibit E, should be sent by the Plaintiffs to the Settlement Class Members ten (10) days after mailing of the Settlement documents;

7. Defendant ("Claims Administrator") shall distribute the Settlement Class Documents in the forms approved by the Court to Settlement Class Members, and the follow-up communications as ordered above; and

8. That the Settlement Class Documents to be given constitute the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution; and

9. Any Settlement Class Member who wishes to opt-in as a Settlement Class Member, for the purpose of settlement, must do so no later than Forty-Five (45) days after the mailing of the Settlement Class Documents ("Opt-In Deadline").

10. Any Settlement Class member who does not opt-in by the Opt-In Deadline is not entitled to his or her respective settlement proceeds as set forth in the Settlement Agreement and Defendant shall be entitled to retain that sum;

11. In the event that less than twelve (12) Settlement Class Members opt-in for purposes of settlement prior to the Opt-In Deadline, Command Alkon shall have the right, in its sole discretion, to void the Settlement Agreement and any executed Settlement Agreement between it and any Settlement Class Member. In the event that Command Alkon exercises this right, this Order, the Settlement Agreement and any settlement agreement between Command Alkon and any Settlement Class Member shall become null and void, and the Consent Form filed

by such Settlement Class Member shall be withdrawn. If Command Alkon intends to exercise this right, it will file with the Court a Notice of Withdrawal From Settlement within five days (5) after the close of the Opt-In Period. If Command Alkon files such a Notice of Withdrawal, the case will proceed as if no settlement has been attempted and the case shall proceed.

The Court agrees with Counsel that the preferred method for awarding fees in this case is the common fund approach rather than the lodestar approach. *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995). In considering the reasonableness of a requested fee, the court must consider several factors that have been identified by the courts. *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 at n. 3, *citing Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) (listing twelve factors for consideration). These factors are not exclusive and some may or may not be applicable in a particular case.

Each of the first eleven *Johnson* factors either support the requested fee allowance in this case or are not particularly relevant to the facts of this case: (1) the time and labor required to resolve the case was substantial, (2) the issues presented were difficult, (3) the skill demonstrated by counsel in performing the services was admirable, (4) because the firms representing plaintiffs were small in size, the case precluded other employment, (5) the customary fee arrangement in these FLSA cases is by contingent fee agreements, (6) the fee arrangement in this case was the contingent fee now being requested, (7) there were no specific time limitations imposed by the clients therefore this is irrelevant, (8) the amount involved and the results obtained were fair and reasonable, (9) the experience of plaintiffs' counsel in this area is substantial, (10) the case cannot be considered as "undesirable" in nature therefore this is not relevant, (11) the nature and length of the professional relationship with the clients is not relevant, and (12) the fee requested is in line with fee awards in similar matters and is therefore,

a reasonable fee request that should be approved.

12.     Without affecting the finality of this FLSA Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order.  In addition, without affecting the finality of this FLSA Approval Order, this Court retains jurisdiction over Defendants, Named Plaintiffs and each FLSA Qualified claimant for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the agreement and this FLSA Approval Order.  Defendants, the Class Representatives and each FLSA Qualified Claimants are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this FLSA Approval Order or the Agreement, except to the extent required by the Settlement for resolution in a different forum.

13.     The Court finds that due to the resolution of this matter, all motions currently pending before this Court are moot and no further Orders of this Court are necessary to effectuate the terms of the settlement.

14.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.


IT IS SO ORDERED.

Dated this 7th day of July, 2010, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          UNITED STATES DISTRICT COURT JUDGE